1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 SUSAN LAWRENCE, | Case No. 1:22-cv-00931-AWI-EPG |
| 11 Plaintiffs, | |
| 12 v. | ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE |
| 13 COSTCO WHOLESALE CORPORATION, | |
| 14 Defendant. | (ECF No. 13) |
| 15 | |
| 16 | |

17        On December 28, 2022, the parties filed a stipulated protective order for the Court's

18 approval. (ECF No. 13). The stipulated protective order will be denied, without prejudice, because it

19 does not comply with Local Rule 141.1 and other rules and procedures.

20        Local Rule 141.1(c)(1)-(3), requires that every proposed protective order contain the

21 following provisions:

22              (1) A description of the types of information eligible for protection
                under the order, with the description provided in general terms
23              sufficient to reveal the nature of the information (e.g., customer list,
                formula for soda, diary of a troubled child);
24

25              (2) A showing of particularized need for protection as to each
                category of information proposed to be covered by the order; and
26

27              (3) A showing as to why the need for protection should be addressed
                by a court order, as opposed to a private agreement between or among
28              the parties.

1

1    The parties' stipulated protective order defines confidential information to mean

2  "information (regardless of how generated, stored or maintained) or tangible things that qualify for

3  protection under California Law." (ECF No. 13, p. 2). However, such a catchall description is not

4  sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For

5  example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer

6  list or some other descriptor to reveal the general type of information deemed confidential.

7  Additionally, the parties fail to make a particularized showing as to need for protection as to any

8  category of information to be covered by the order under LR 141.1(c)(2). Likewise, the parties do

9  not discuss why the need for protection should be addressed by a court order as opposed to a private

10  agreement.

11    Further, the Court notes that the proposed protective order cites various procedural rules that

12  do not govern here. For example, the parties cite "Civil Local Rule 7" as governing "judicial

13  intervention" in any dispute regarding their proposed protective order and "Civil Local Rule 79-5"

14  as governing requests to seal materials. (ECF No. 13, pp. 6, 10). However, there is no "Civil Local

15  Rule 7" or "Civil Local Rule 79-5" among the Court's Local Rules. Accordingly, should the parties

16  file a future protective order, they shall make sure that it follows the Court's established rules and

17  procedures. (*See, e.g.*, LR 141 (requests to seal), 141.1 (protective orders), 251 (discovery motions);

18  ECF No. 11, pp. 4-5 (noting procedures regarding informal discovery conferences and discovery

19  motions); the Court's Standard Procedures (same) available on the Court's website at:

20  https://www.caed.uscourts.gov/caednew/assets/File/EPG_Standard%20Procedures%20for%20Website_revised%2012_14_22.pdf).

21    Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 13) is

22  denied, without prejudice to filing a stipulated protective order that fully complies with the Court's

23  established rules and procedures.

24

25  IT IS SO ORDERED.

26    Dated:   __January 3, 2023__          /s/ _Erica P. Grosjean_

27                                          UNITED STATES MAGISTRATE JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28