1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUSAN LAWRENCE,

          Plaintiffs,

    v.

COSTCO WHOLESALE CORPORATION,

          Defendant.

Case No. 1:22-cv-00931-ADA-EPG

ORDER APPROVING, IN PART,
STIPULATED PROTECTIVE ORDER

(ECF No. 23)

On July 20, 2023, the parties filed a stipulated protective order for the Court's approval.[1] (ECF No. 23). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" to mean "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under California Law." (*Id.* at 2) (alterations to capitalization and punctuation). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection under California law and without ever disclosing the types of information at issue as required by Local Rule 141(c)(1).

However, the parties elsewhere provide of description of certain "types" of confidential information, which includes documents related to the incident (such as photographs) and

---

[1] The Court did not locate a Word version of the proposed protective order in its email box. Should the parties submit any future proposed orders, they are directed to comply with Local Rule 137(b).

1   information relating to Defendant's operations (such as a manual). Accordingly, the Court will limit

2   the parties' definition of confidential information to that information contained in the section of the

3   protective order titled, "Description of Confidential Information." (ECF No. 23, pp. 3-4).

4       Additionally, the Court notes that "a protective order may not bind the Court or its

5   personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2

6   (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's

7   established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal

8   discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See*

9   ECF No. 23, p. 7; ECF No. 11, pp. 4-5 (noting procedures regarding informal discovery conferences

10  and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

11      Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 23) is

12  approved, in part, as revised above.

13

14  IT IS SO ORDERED.

15      Dated:   **July 21, 2023**                    /s/ *Erica P. Grosjean*

16                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28