UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LAWRENCE,<br><br>        Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>        Defendant. | Case No.  1:22-cv-00931-NODJ-EPG<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(ECF No. 32) |

In this removed civil case asserting negligence and failure-to-warn causes of action, Plaintiff Susan Lawrence alleges that she was injured after she slipped on a liquid substance and fell at Defendant Costco Wholesale Corporation's premises. (ECF No. 3-1, p. 5). Before the Court is Plaintiff's motion to compel, which seeks an order requiring Defendant to produce a copy of an unredacted "Loss Run Report" dated September 22, 2018 – September 22, 2019, which contains a list of other instances where patrons slipped and fell on substances at the location where Plaintiff allegedly fell. (ECF No. 32). For the reasons given below, the Court will grant the motion to compel.

**I.    BACKGROUND**

As reflected in the parties' joint statement regarding discovery disagreement, filed pursuant to Local Rule 251(c),[1] the scope of their dispute is narrow.

---

[1] Local Rule 251(c) provides, in relevant part, that "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the [discovery] motion shall be included in this joint statement, and no separate briefing shall be filed." Despite denying without

1

At issue here are two requests for production issued to Defendant. One asked Defendant to produce "[a]ny and all DOCUMENTS, including, but not limited to, complaints of injury made by any PERSON as it RELATES TO spilled substances on YOUR floors, at the INCIDENT store location, within five years prior to the INCIDENT." (ECF No. 32-3, p. 13). The other similarly asked Defendant to produce "[a]ny and all DOCUMENTS, including, but not limited to, safety complaints made by any PERSON as it RELATES TO spilled substance on YOUR floors, at the INCIDENT store, within five years prior to the INCIDENT." (*Id.*).

Defendant initially provided a privilege log in response to these requests, arguing "that the requested document is protected by attorney-client privilege, work product doctrine, confidentiality, disclosure of proprietary information, and a privacy violation of third parties not related to this case." (ECF No. 32-2, p. 2). Eventually, Defendant provided a redacted copy of the Loss Run Report disclosing some information, such as the date of loss, claim number, and description of the incidents, "but redact[ing] the names of the other individuals that slipped and fell in similar circumstances and in the same location as Plaintiff." (*Id.*).

Plaintiff wants the names of the persons in the Loss Run Report, asserting that the persons "are likely to have information as to important and relevant issues of notice and preventative/remedial measures that occurred prior to, and in close proximity of time to, Plaintiff's incident." (*Id.* at 4). Plaintiff argues that "this information is reasonably calculated to lead to admissible evidence in Plaintiff's case" and "[a]llowing Defendant to withhold this information deprives Plaintiffs and their experts of the ability to evaluate all available data, as it relates to Plaintiffs claims." (*Id.*). Defendant argues that disclosing the names of the persons would violate their privacy rights:

> It is Defendant's position that the names of the third parties should not be disclosed because to do so would violate their right of privacy. California Civil Code Section 1798.1 provides, in pertinent part, that, "The Legislature declares that the right of privacy is a personal and fundamental right protected by Section l Article 1 of the Constitution of California and by the United States Constitution and that all

---

prejudice Plaintiff's previous motion to compel, in part, for submitting separate briefing outside a joint statement regarding discovery disagreement, Plaintiff has once again submitted separate briefing. (*See, e.g.*, ECF No. 32, pp. 3-9). Moreover, on December 6, 2023, Defendant filed an opposition to the motion to compel providing separate briefing. (ECF No. 34). In accordance with Local Rule 251(c), the Court will confine its review to only the information presented in the joint statement regarding discovery disagreement.

individuals have a right of privacy in information pertaining to them." Pursuant to the California Information Privacy Act of 1977, the term "personal information" applies to an individual's name maintained by a state agency. (California Civil Code Section 1798.3) Similarly, The Privacy Act of 1974 (5 U.S.C. 552a) recognizes the privacy rights of individuals, to include an individual's name, with respect to any records maintained by a government agency.

(*Id.*).

The parties raised their dispute at a status conference on September 7, 2023, and the Court authorized Plaintiff to file a motion to compel, without participation in an informal conference. (ECF No. 27).

## II.  ANALYSIS

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Generally, "the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

Upon consideration of the parties' arguments in light of the above standards, the Court

will compel production of an unredacted copy of the Loss Run Report. Again, only the names of the persons in the Loss Run Report are at issue. Plaintiff "has not asked for Defendant to release personal information, i.e. address, phone number, social security number, doctors, injuries." (ECF No. 32-2, p. 5). Moreover, the Court finds persuasive Plaintiff's argument that the Loss Run Report contains information relevant to Plaintiff's claim involving a slip and fall at the same location close in time to the incidents in the Loss Run Report.

Defendant does not dispute the relevance of Plaintiff's request or otherwise argue that the information sought is outside the scope of Rule 26(b). Rather, Defendant presents a generalized objection that disclosing this information would violate the privacy rights of the persons identified in the Loss Run Report. The Court overrules this objection. Importantly, "the right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs." *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009). Considering that only the names of such persons are at issue rather than more private details, and that such information may lead to further discoverable information, the Court concludes that any privacy concerns are ultimately outweighed and Plaintiff is entitled to an unredacted copy of the Loss Run Report.

### III. ORDER

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 32) is granted.
2. By no later than January 8, 2023, Defendant shall provide Plaintiff with an unredacted copy of the Loss Run Report.

IT IS SO ORDERED.

Dated: **December 8, 2023**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

4